UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gurmeet Singh,<br><br>         Plaintiff,<br>-v-<br><br>Cisco General Construction Inc.,<br>Pro Con Group, Inc.,<br>East Coast USA Construction Inc,<br>Lali Singh,<br>Rajinder Singh Bawa, and<br>Balwinder Kaur,<br><br>         Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

  Plaintiff Gurmeet Singh ("Plaintiff" or "Singh"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Cisco General Construction Inc., Pro Con Group, Inc., East Coast USA Construction Inc, Lali Singh, Rajinder Singh Bawa, and Balwinder Kaur (collectively "Defendants"), respectfully allege as follows:

## **NATURE OF THE ACTION**

1. Plaintiff was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week (ii) entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff also complains that Defendants breached the Contract under which Defendants were obligated to pay Plaintiff prevailing wages of about $40-$50 an hour, by failing to pay Plaintiff the required prevailing wage rates, and for all hours worked including his overtime hours, and as a result, Plaintiff is entitled to recover the wages and damages he is owed as a result of such breach, plus prejudgment interest.

4. Plaintiff is also entitled to recover his unpaid wages and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages - including liquidated damages on wages paid later than weekly, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Gurmeet Singh ("Plaintiff" or "Singh") is an adult, over eighteen years old, who currently resides in Queens, New York.

9. Upon information and belief and all times relevant herein, Cisco General Construction Inc. ("Cisco") was a New York for-profit corporation.

10. Upon information and belief and all times relevant herein, Defendant Pro Con Group, Inc. ("Pro Con Group") was a New York for-profit corporation.

11. Upon information and belief and all times relevant herein, Defendant East Coast USA Construction Inc ("East Coast USA") was a New York for-profit corporation.

12. Upon information and belief and at all times relevant herein, the corporate Defendants Cisco General Construction Inc., Pro Con Group, Inc., East Coast USA Construction Inc, were owned/controlled/managed by Defendants Lali Singh ("Singh"), Rajinder Singh Bawa ("Bawa") and Balwinder Kaur ("Kaur"), who were in charge of the operations and management of corporate Defendants.

13. Upon information and belief and at all times relevant herein, the corporate Defendants were owned/controlled/managed by Defendant Rajinder Singh Bawa, Lali Singh and Balwinder Kaur and were their alter ego, and it were defendants Singh and Kaur who controlled the employment of plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to plaintiff's employment, among other employment functions.

14. Upon information and belief and at all times relevant herein Defendants Bawa, Singh and Kaur, who are family relatives, used the corporate defendants interchangeably and issued checks to plaintiff for payment of wages in the name of all three Defendants. Plaintiff also received W-2 forms from all three Defendants.

15. Upon information and belief, Defendants shared places of business in Queens County, New York, at 87-11 118th Street, Richmond Hill, NY 11418, 2351 Hylan Boulevard, Staten Island, NY 10306, and at 110-01 101st Avenue, Jamaica, NY 11419.

16. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

17. Upon information and belief, and at all relevant times herein, Defendants were involved in the building construction and repair business in New York City.

18. Upon information and belief and at all times relevant herein, Defendants operated at several locations and employed over a dozen employees.

19. At all relevant times herein, Defendants did public works projects for New York City such as on NYC public schools.

20. At all times relevant herein, Defendants employed plaintiff to work on Defendants' public works projects under prevailing wage contracts with New York City. Plaintiff performed prevailing wage work for Defendants, including on public schools during the summer months each year.

21. At all times relevant herein, Plaintiff was employed by Defendants from in or around 2004/2005 to in or around January 2017.

22. Upon information and belief, and at all times relevant herein, Plaintiff was individually and/or jointly employed as a construction worker and performed masonry work for Defendants.

23. At all times relevant herein, Plaintiff's regular rate of pay was $12.50 an hour and Plaintiff was entitled to a higher prevailing wage rate for work performed on prevailing wage projects.

24. For the period of time he worked on public works projects, Plaintiff received less than the entitled prevailing wage rate an hour under the applicable prevailing wages contracts, and Plaintiff was not paid for all hours worked including his overtime hours – sometimes Plaintiff was not paid for fifty percent or more of his hours worked, under such prevailing wages contracts. Plaintiff was also paid less than the applicable prevailing wage rates for working on prevailing wage projects. Plaintiff should have been paid about $80-$90 per hour for prevailing wage work based on the prevailing wage schedule issued by the City of New York.

25. At all times relevant herein, Defendants, individually and/or jointly paid Plaintiff the same rate for overtime hours (hours over 40 a week) that they paid for non-overtime hours and Plaintiff was not paid for all hours worked.

26. At all times relevant herein, Plaintiff worked 56 hours a week for Defendants and likely more; 7 days a week, but was only paid at his straight regular rate for all hours worked including his overtime hours during his employment with Defendants - a more precise statement of the hours of wages will be made when plaintiffs obtain the wage and time records defendants were required to keep under the FLSA and NYLL.

27. At all times relevant herein, Defendants, individually and/or jointly failed to pay Plaintiff the prevailing wage rate Defendants were required to pay Plaintiff under the prevailing wage contracts with New York City, for all hours in each week worked, including his overtime hours.

28. At all times relevant herein, Defendants were required to pay Plaintiff a prevailing wage rate of about $80-$90 an hour (including benefit rate) for prevailing wage work he performed for Defendants, based on the prevailing wage schedule issued by the City of New York.

29. In addition to the overtime and prevailing wage claimed, Plaintiff is owed about $20,000 in minimum wages and agreed upon wages ($12.50 an hour), for weeks in which he did not receive any wages from Defendants or received checks which bounced because of insufficient funds, during the six-year period preceding the filing of the complaint, including the two-year period preceding the filing of the complaint.

30. At all relevant times herein and for the time Plaintiff was employed by Defendants, Plaintiff worked more than forty (40) hours in a week for each week, during his employment with Defendants.

31. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half

times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

32. At all times relevant herein, Defendants had a policy and practice of requiring Plaintiff to purchase construction materials necessary for him to perform construction work for Defendants, out of pocket but Defendants failed to reimburse Plaintiff for such work-related expenses – Plaintiff is owed about $5000 for construction materials and supplies he paid for with his money and was not reimbursed.

33. At all times relevant herein, and throughout his employment with Defendants, Plaintiff was paid on a monthly basis.

34. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

35. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3).

36. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

37. Upon information and belief and at all times relevant herein, Defendants used and purchased construction materials from vendors in and outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

38. At all times applicable herein, defendants conducted business with vendors and other businesses outside the State of New York.

39. At all times applicable herein and upon information and belief, defendants conducted business outside the State of New York involving construction materials and services.

40. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

41. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

42. At all times applicable herein and upon information and belief, defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

43. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

44. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state overtime wage posters.

45. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiffs of his federal and state minimum wage and overtime rights and failed to inform plaintiffs that they could seek enforcement of such rights through the government enforcement agencies.

46. "Plaintiff" as used in this complaint refers to the named Plaintiff.

47. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 47

above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

50. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

51. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## **Relief Demanded**

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

54. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

56. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

58. Plaintiff alleges and incorporates paragraphs 1 through 56 above as if set forth fully and at length herein.

59. At all times relevant herein, Defendants breached the prevailing wage contracts pursuant to which Defendants were required to pay Plaintiff the applicable prevailing wage rate of about $80-$90 an hour, and by failing to pay Plaintiff for all such hours worked including his overtime hours in each week as set forth above.

60. Plaintiff fully performed his obligations under the applicable prevailing wage contracts, including any and all condition precedents.

## Relief Demanded

61. Due to Defendants' breach of the Contract, Plaintiff is entitled to and seeks to recover from Defendants, his unpaid wages - all prevailing wages that Plaintiff should have been paid under the Contract for all hours worked, including prevailing wages for all non-overtime and overtime hours, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198 (Unpaid wages/unlawful deductions)

62. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 61 above with the same force and effect as if fully set forth at length herein.

63. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

64. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid no later than weekly.

65. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid non-overtime wages, overtime wages, prevailing wages, and reimbursement for unlawful deductions such as for work-related expenses as laid out above, as required by NYLL §§ 191, 193 and 198.

66. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

67. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

68. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, prevailing wages, reimbursement for unlawful wage deductions, maximum liquidated damages including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

69. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

70. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b );

71. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

72. As to his **Third Cause of Action**, award Plaintiff any and all outstanding prevailing wages, plus interest;

73. As to his **Fourth Cause of Action**, award Plaintiff all outstanding wages, including his unpaid non-overtime wages, overtime wages, prevailing wages, reimbursement for unlawful deductions, plus maximum liquidated damages including maximum liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

74. Award Plaintiff prejudgement interest on all monies due;

75. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

76. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**        May 20, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF